Matthew M. Levy, J.
A judgment was obtained herein on September 28,1959 in the sum of $268,131.77 against the defendants in their capacity as executrices in favor of the plaintiff Fifth Madison Corporation. They have duly appealed from that judgment. They now move for an order, pursuant to section 568 of the Civil Practice Act, to dispense with security to stay execution pending the appeal, and offer in lieu thereof to deposit certain certificates of corporate stock in escrow, and for incidental relief related thereto. Actually, the substance of the application is to limit the security which the defendants are to be required to give in order to effectuate the desired stay.
The statute here invoked, so far as applicable, provides that “ [w]here the appellant is an executor, administrator, trustee, or other person acting in another’s right, the security may be dispensed with or limited, in the discretion of the court ’ ’. In opposition, the plaintiff makes several contentions.
First, it is said (and it is a fact) that these executrices are mother and daughter of the deceased and they are the sole bene *657 ficiaries of the estate. It is argued that, in consequence, they are not “ acting in another’s right ” and the section relied upon by the defendants is not applicable to them. I am not in agreement with the construction thus sought to be placed upon the statute. As I read the language and observe the punctuation employed by the Legislature, it is my opinion that the court has discretion to act where the applicant is an executor. That it is also given power to dispense with or limit the security in any other case where the movant is a “ person acting in another’s right ” does not mean that the executor, too, must necessarily be acting in “ another’s right”. The distinction between the individual as an entity and the estate of the deceased as a separate entity should not be blurred, and that is true even though the individual may be the ‘1 sole beneficiary ’ ’ of the estate. Moreover, I do not conceive that it was intended by this statute that, in every case in which an executor makes an application pursuant to it, a preliminary inquiry should be made by this court as to whether that other, in whose right, it is said, the executor must be acting, is or is not a beneficiary, substantial or minimal, under the will. Certainly, in the normal decedent’s estate — and it is true here — there are administration expenses, taxes to governments and debts to creditors which must be paid. Is not the executor acting in that behalf, as well as for himself as a devisee or legatee, when he seeks to minimize the cost of an appeal by avoiding a necessary disbursement for the premium on an appeal bond? I think he is.
Second, the plaintiff argues that, apart from the benefits of section 568 not applying to these defendants, they should be extended only to those fiduciaries who have performed their duties as such, and that, it is said, has not been done here. Thus, for example, the plaintiff contends that the appellants are subject to removal as executrices for failure to file an inventory in the Surrogate’s Court. The short and adequate answer is that this is a matter for that tribunal to resolve, and that, as long as they remain as fiduciaries with the imprimatur of the Surrogate’s Court, it is not for me, in this court, to ignore or inquire into the propriety of their status. Moreover, the realistic view is that, as the plaintiff itself claims, if the executrices are the only ones interested in the estate, they are not going to seek their own removal. The plaintiff further says that, as executrices, the defendants have not paid the New York estate tax or commenced proceedings for an appraisal and the entry of a taxing order, that they have failed to file a Federal estate tax return and to pay the Federal estate tax, and that they have not paid the decedent’s income tax liabilities, State or Federal. It *658 is entirely possible that this could not be done because the estate is in utter confusion and this therefore would enter only into the question of the financial status of the estate.
That leads me to the final argument — that discretion should not be exercised without full disclosure of the financial condition of the estate, and the plaintiff made the contention that the defendants nowhere state what that condition is. Of course, that is entirely essential to the protection of the plaintiff in discovering exactly what it is that the defendants have been offering to furnish as security. Therefore, with that contention I agreed, and, subsequent to the formal submission of the motion, I arranged for (and the parties consented to) an examination of the executrices somewhat in the nature of proceedings supplementary to judgment. That examination has been had, and the stenographic record has been filed with me. I have carefully studied it, as well as the analyses thereof by the respective parties. I do not deem it necessary to detail here the subject matter of my findings as a result of that inquiry.
I believe that what the executrices actually have been seeking is a justification of surety, which ordinarily would follow the offering and furnishing of security pending an appeal (Civ. Prac. Act, §§ 151, 152, 566). And I believe that, if the plaintiff obtains adequate security, justice will be done. It must be said of all this that, if the deceased’s estate is in financial straits (and it is against the estate alone that the judgment has been obtained), the plaintiff may get no more from the estate than the assets it has, which, according to the defendants, is certain corporate stock. If the defendants were to put up no security at all, the plaintiff could reach only those assets and could not collect until the estate is closed.
In the circumstances, the motion is granted upon the following conditions: The executrices, as such, are to give their undertaking in the usual form, and they are to furnish the following listed security in lieu of a surety company bond:
50 shares of the capital stock of Herbert McLean Purdy Management Corporation;
100 shares of the stock of Three Forty Madison Avenue Corporation;
150 shares of stock of Betby Corporation;
2006 shares of the Class A stock of Fifth Madison Corporation;
4223 shares of the Class B stock of Fifth Madison Corporation; and
200 shares of stock of Madison Central Corporation.
*659 These certificates are to be duly indorsed in blank and delivered to the attorneys for both parties, who (unless otherwise stipulated) are to deposit the certificates in a joint safe-deposit box. These certificates are to be held in escrow pending final determination of the appeal to the Appellate Division and to the Court of Appeals. In the event of an affirmance of the judgment of $268,131.77, with interest from its date, September 28,1959, in whole or in part, and in the event no further appeals may be or will be prosecuted, for whatever reason, then the defendants as executrices may withdraw and sell or otherwise dispose of so much of the stocks placed in escrow as aforesaid as may be required to satisfy such judgment. The injunctive provisions heretofore imposed on the defendants, both individually and as executrices, by orders dated May 18, 1959 and June 10, 1959 enjoining them from disposing of any assets of the estate of Herbert McLean Purdy, deceased, are to continue in full force and effect, except to permit the deposit or disposition of the stock as hereinbefore directed. In the event of a reversal of the judgment, the escrow is to come to an end, and the certificates are to be redelivered to the defendants.